# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40341 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Thomas M. SAUL**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

On Remand from
The United States Court of Appeals for the Armed Forces

Decided 14 November 2025

———————————

*Military Judge*: Christopher D. James.

*Sentence*: Sentence adjudged on 15 April 2022 by GCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 15 June 2022: Bad-conduct discharge, confinement for nine months, forfeiture of $1,000.00 pay per month for nine months, reduction to the grade of E-2, and a reprimand.

*For Appellant*: Captain Michael J. Bruzik, USAF; Captain Joshua L. Lopes.

*For Appellee*: Colonel Matthew D. Talcott, USAF; Major Vanessa Bairos, USAF; Mary Ellen Payne, Esquire.

Before GRUEN, KEARLEY, and MORGAN, *Appellate Military Judges*.

Senior Judge GRUEN delivered the opinion of the court, in which Judge KEARLEY and Judge MORGAN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

GRUEN, Senior Judge:

Appellant's case is before this court for the second time. A general court-martial composed of a military judge found Appellant guilty, consistent with his pleas, of one specification of willfully disobeying a superior commissioned officer, in violation of Article 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 890; and one specification of willfully and wrongfully destroying non-military property, in violation of Article 109, UCMJ, 10 U.S.C. § 909. The military judge found Appellant guilty, contrary to his pleas, of one specification of wrongful use of a controlled substance, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for nine months, forfeiture of $1,000.00 pay per month for nine months, reduction to the grade of E-2, and a reprimand. The convening authority took no action on the findings or sentence.

In his initial appeal to this court, Appellant raised two assignments of error, including whether the military judge abused his discretion when he accepted Appellant's guilty plea to violation of Article 109, UCMJ (Charge I and its Specification). *See United States v. Saul*, No. ACM 40341, 2023 CCA LEXIS 546, at *2 (A.F. Ct. Crim. App. 29 Dec. 2023) (unpub. op.), *rev'd in part*, 2025 CAAF LEXIS 578, at *16 (C.A.A.F. 2025). This court affirmed the findings and sentence. *Id.* at *12.

The United States Court of Appeals for the Armed Forces (CAAF) granted review and reversed this court's opinion in part. *United States v. Saul*, No. 24-0098, 2025 CAAF LEXIS 578, at *16 (C.A.A.F. 21 Jul. 2025). The CAAF set aside this court's decision as to Charge I and its Specification, "but affirmed as to the other charges and specifications," and returned the record to the Judge Advocate General of the Air Force for remand to this court to either "dismiss Charge I and its Specification without prejudice and reassess the sentence based on the affirmed findings," or to "set aside the sentence and order a rehearing on Charge I and its Specification and on the sentence." *Id.*

On remand to this court, the parties submitted briefs addressing whether this court should dismiss Charge I and its Specification without prejudice and reassess the sentence or order a rehearing on Charge I and its Specification and on the sentence. Both parties contend this court should dismiss Charge I and its Specification without prejudice and reassess the sentence rather than order a rehearing on Charge I and its Specification and on the sentence. We conclude that we will dismiss Charge I and its Specification without prejudice and reassess the sentence as appropriate.

---

[1] Unless otherwise indicated, all other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

## I. BACKGROUND

The events that led to Appellant's charge of Article 109, UCMJ, wrongful destruction of non-military property, began on 19 February 2021 when Appellant and his wife, AS,[2] argued at their home in Yukon, Oklahoma. As a result of this argument, AS left the house with their children and went to a friend's home. Appellant was upset and began drinking alcohol around 0200 hours on 20 February 2021. At some point thereafter he fell asleep. Later that morning, Appellant awoke between 0800 and 1000 hours, and found his wife and children had returned to the home. Appellant testified during his plea inquiry that he was still drunk yet was able to converse with his wife coherently.

Appellant was upset that his wife had returned and not wanting her in the home, he told her to leave. Appellant then went to the rental car she was utilizing at the time, which was parked near their garage, turned on the engine and heat, and began demanding his wife take the vehicle and leave. AS refused and informed Appellant that if he insisted, she would call the police. During this dialogue, Appellant slammed his hand down on the windshield with an open palm in frustration, which caused extensive cracking and rendered the vehicle unusable until the windshield was repaired. Appellant later paid to have the windshield professionally repaired. Appellant pleaded guilty for his actions, in violation of Article 109, UCMJ.

During the plea inquiry, the military judge questioned Appellant extensively about Appellant's state of "drunkenness" and how that affected, if at all, the "willfulness" of his conduct in striking and destroying the windshield of his wife's rental car. After conferring with Appellant, circuit defense counsel stated that voluntary intoxication was not "an issue to find the guilty plea provident." When the military judge asked why that was, circuit defense counsel responded that while Appellant was "certainly drunk" when the offense happened it was "not to a degree where [Appellant] c[ould]n't appreciate the nature of his conduct."

Appellant testified during his plea inquiry that while he intended to hit the windshield forcefully, he did not intend the damage he caused, but understood the natural or probable consequence of his conduct would damage the windshield. He also testified that while he was drunk at the time, he "had control over [his] actions and could have avoided breaking the windshield if [he] had wanted to." He made clear that he "was not so impaired by alcohol that [he] didn't know what [he] was doing." After the windshield was broken, Appellant paid to replace the windshield at a cost of "between $400[.00] and $600[.00]."

---

[2] During the time of the charged allegations, AS was a noncommissioned officer on active duty in the United States Air Force.

Appellant appealed his case to the United States Court of Appeals of the Armed Forces (CAAF) in which one of the three issues granted for review was "whether Appellant's plea of guilty to the specification of willfully and wrongfully destroying non[-]military property under Article 109, UCMJ, was improvident given his repeated statements that he did not intend to damage the windshield." *Saul*, 2025 CAAF LEXIS 578, at \*6. The CAAF concluded that Appellant's plea was improvident. *Id.* at \*15. The CAAF reasoned that "[e]ven if the military judge could lawfully infer that Appellant acted willfully and wrongfully based on his knowledge of the natural and probable consequences of his action, that inference substantially conflicts with Appellant's repeated statements that he did not intend to damage the windshield." *Id.* at \*11. Further, they opined, "Nothing in the plea inquiry resolved this substantial inconsistency." *Id.* As the CAAF affirmed the findings of guilty as to the two other offenses—willful disobedience of a superior commissioned officer in violation of Article 90, UCMJ, and wrongful use of Trenbolone, a controlled substance, on diverse occasions, in violation Article 112a, UCMJ—we dismiss Charge I and its Specification without prejudice and reassess the sentence based on the affirmed findings.

## II. DISCUSSION

### A. Law

Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), a court-martial sentence may not be held incorrect by virtue of legal error "unless the error materially prejudices the substantial rights of the accused." If a Court of Criminal Appeals (CCA) can conclude that an adjudged sentence would have been of at least a certain severity absent any error, "then a sentence of that severity or less will be free of the prejudicial effects of error; and the demands of Article 59(a)[, UCMJ,] will be met." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

CCAs have broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). In deciding whether to reassess a sentence or return a case for a rehearing, we consider the totality of the circumstances including the following factors: (1) "[d]ramatic changes in the penalty landscape and exposure;" (2) whether the appellant was sentenced by court members or a military judge; (3) "[w]hether the nature of the remaining offenses capture[ed] the gravamen of criminal conduct included within the original offenses and . . . whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses;" and (4) "[w]hether the remaining offenses are of the type that judges of the [CCAs] should have the experience and familiarity with to reliably determine what

sentence would have been imposed at trial." *Id*. at 15–16 (citations omitted). These factors are "illustrative, but not dispositive, points of analysis" to be considered as part of "the totality of the circumstances presented." *Id*. at 15. If we cannot determine that the sentence would have been at least of a certain magnitude, we must order a rehearing. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citation omitted).

**B. Analysis**

Appellant stands convicted of wrongful use on divers occasions of Trenbolone, a Schedule III controlled substance, in violation of Article 112a, UCMJ, and having received a lawful command from his superior commissioned officer, he willfully disobeyed said order, in violation of Article 90, UCMJ. In applying a segmented sentence, the military judge sentenced Appellant to three months' confinement for his Article 112a, UCMJ, conviction; and four months' confinement for his Article 90, UCMJ, conviction. He sentenced Appellant to two months' confinement for his Article 109, UCMJ, conviction, now set aside by the CAAF. These sentences to confinement were to be served consecutively for a total of nine months' confinement.

Appellant and the Government both contend this court should dismiss Charge I and its Specification without prejudice and reassess the sentence rather than order a rehearing on Charge I and its Specification and on the sentence. The parties agree that three *Winckelmann* factors weigh in favor of a reassessment—factors (1), (2), and (4). They disagree on the third *Winckelmann* factor in that the Government contends "the findings of guilt capture the gravamen of Appellant's criminal conduct" and Appellant contends "the remaining offenses do not capture the gravamen of criminal conduct." Appellant however argues that while the "third factor weighs against reassessment because the bulk of the Government's sentencing case is no longer admissible or relevant to the remaining offenses," this court "can still reliably reassess [Appellant's] sentence because the *Winckelmann* factors are illustrative, not dispositive." Appellant further argues that "this [c]ourt can [ ] consider the totality of the circumstances and reliably reassess [Appellant's] sentence." We agree with the Government that the remaining findings of guilty capture the gravamen of Appellant's criminal conduct and we agree with Appellant that we can consider the totality of the circumstances and reliably reassess his sentence.

With respect to the *Winckelmann* factors, factor one weighs in favor of reassessment as we agree there was no dramatic change in the penalty landscape and exposure. Appellant pleaded guilty to willfully disobeying his superior commissioned officer and to the wrongful destruction of non-military property without a plea agreement. He was found guilty according to his pleas. Additionally, the military judge found Appellant guilty, contrary to his pleas, of one specification of wrongful use of a controlled substance. For his convictions on

these three specifications, Appellant faced a maximum confinement of 11 years. Had Appellant not been convicted at a court-martial of Charge I and its Specification addressing wrongful destruction of non-military property, Appellant would have faced a maximum confinement of ten years.

Factor two weighs in favor of reassessment as Appellant was sentenced by military judge alone. As such we believe we can view the evidence through the lens of a military judge where Appellant was not convicted of destruction of non-military property.

Factor three weighs in favor of reassessment because the remaining offenses are the most serious offenses Appellant was originally charged with and convicted of, and they capture the gravamen of his criminal conduct. Appellant remains convicted of unlawful, divers use of a steroid not approved for human consumption and for disobeying a superior commissioned officer's no-contact order. The person who Appellant contacted in violation of the order was a witness in the investigation related to his unlawful steroid use. The total confinement adjudged by the military judge was nine months—two months of the total confinement was for the Article 109, UCMJ, conviction.

Finally, factor four weighs in favor of reassessment because the remaining offenses are of the type this court has the experience with to reliably determine what sentence would have been imposed at trial.

Recognizing the *Winckelmann* factors are not dispositive, but illustrative considerations to be assessed alongside the other circumstances arising in each case, we agree with the parties that other considerations favor reassessment in this case. First, even though Appellant argues the remaining offenses do not capture the gravamen of his criminal conduct, they do assert that "this [c]ourt can [ ] consider the totality of the circumstances and reliably reassess [Appellant's] sentence," and he recognizes that the "maximum sentence components aside from confinement are unchanged" such that "the penalty landscape and exposure have not dramatically changed." Additionally, as this court previously observed, "[w]here we may reliably determine what sentence would have been imposed at Appellant's court-martial absent the error, without requiring another court-martial proceeding and additional appellate review, reassessment also serves the interests of judicial efficiency and finality." *United States v. Simmons*, No. ACM 39342 (rem), 2022 CCA LEXIS 315, at *9 (A.F. Ct. Crim. App. 26 May 2022) (unpub. op.). Furthermore, and significantly, in this case both parties believe the court can accurately reassess the sentence, and both specifically request reassessment rather than a rehearing. Accordingly, we find reassessment is appropriate in this case.

Although the parties agree reassessment is appropriate, they disagree as to what the reassessed sentence should be. The Government contends we

should reassess the punishment to be essentially the same as that originally adjudged by the military judge except for the two months segmented confinement specific to the dismissed Charge I and its Specification—a bad-conduct discharge, confinement for seven months, forfeiture of $1,000.00 pay per month for nine months, reduction to the grade of E-2, and a reprimand. Appellant contends this court should set aside his bad-conduct discharge because "[t]here is no ability for this [c]ourt, or any other authority, to undue [sic] [Appellant's] deprivation of liberty" since he already served all nine months of his original sentence to confinement. We have carefully considered the arguments for Appellant and Appellee in light of the totality of the circumstances.

In reassessing a sentence, we are not at liberty to simply defer to the recommendations of the parties. Our task is to determine, based on the totality of the circumstances, a sentence no greater than that which the military judge would have imposed at Appellant's court-martial had he sentenced him for only the Articles 112a and 90, UCMJ, offenses. Having carefully considered the circumstances of the case, we are convinced the military judge would have imposed confinement and we are able to see what total term of confinement he would have imposed for the remaining offenses because the sentences were segmented. With that in mind and in consideration that the Article 109, UCMJ, Charge and its Specification are now dismissed, we find confinement for seven months is appropriate. It also appears the military judge sentenced Appellant to forfeit $1,000.00 pay per month for as many months as he would be confined—nine months at the time of sentencing. Therefore, now that his sentence is reassessed to seven months' confinement, we find Appellant should only forfeit $1,000.00 pay per month for seven months. Additionally, we find the fact that the military judge adjudged the most confinement for the remaining two convictions reflects his determination that the two remaining convictions were the most serious offenses and supports leaving unchanged the bad-conduct discharge and reduction to the grade of E-2. We find the language of the reprimand addresses the now set aside specification and consider it no longer an appropriate punishment. We conclude Appellant's reassessed sentence to be a bad-conduct discharge, seven months' confinement, forfeiture of $1,000.00 pay per month for seven months, and reduction to the grade of E-2.

### III. CONCLUSION

The findings of guilty as to Specification 1 of Charge II, and Charge II, and as to the Specification of the Additional Charge, and the Additional Charge, were previously affirmed. Charge I and its Specification are **DISMISSED WITHOUT PREJUDICE**. We affirm only so much of the sentence as provides for a bad-conduct discharge, seven months' confinement, forfeiture of $1,000.00 pay per month for seven months, and reduction to the grade of E-2. The sen-

tence, as reassessed, is correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). The sentence, as reassessed, is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court